

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 7, 1960

Mr. A. W. Walker                    Opinion No. WW-854
County Attorney
Dickens County                      Re: Whether Dickens County
Spur Security Bank Building             may deposit with the State
Spur, Texas                             Treasurer all of the money
                                        necessary to service the
                                        interest and principal on
                                        outstanding bonds to ma-
                                        turity, and then spend the
                                        surplus in the sinking fund
Dear Mr. Walker:                        on road purposes?

        You state in your letter requesting an opinion of
this office that Dickens County has some outstanding road
bonds, and that there is more than enough money in the sink-
ing fund established to service the bonds to pay all of the
principal and interest that will ever be due on these bonds.
You have asked the following question:

        "Can Dickens County deposit with the
        State Treasurer (the paying agent on such
        bonds) all of the money necessary to serv-
        ice the interest and principal on these
        bonds to maturity, and then spend the bal-
        ance of the sinking fund on road purposes?"

        The outstanding road bonds which you describe are
Dickens County Road and Bridge Funding Bonds, Series 1936-A.
These bonds were issued for the purpose of cancelling and in
lieu of a like amount of outstanding Road and Bridge Warrants
of Dickens County pursuant to the authority of Article 2368a,
Vernon's Civil Statutes. Therefore, according to the terms of
this last mentioned article, Chapters 1 and 2 of Title 22, Re-
vised Civil Statutes, are applicable and govern as regards the
establishment and disposition of a sinking fund for bonds is-
sued under the authority of Article 2368a. Article 723, V.C.S.,
after providing that the Commissioners' Court shall levy annual

ad valorem taxes sufficient to pay the interest on authorized bonds and create a sinking fund for their redemption, states:

". . .

"Provided that when the principal and all interest on said bonds are fully paid, in the event there is any surplus remaining in the Sinking Fund, not in excess of One Thousand ($1,000.00) Dollars, said remaining surplus not used in the full payment of the principal and interest on said bond or bonds may be used by the county for maintaining and repairing the courthouse and jail and the roads and bridges of said county, as may be determined by the Commissioners Court."

Thus, we see that before any of the surplus funds of such a sinking fund may be expended for the purposes named in the statute, the principal and all interest on the bonds for which such sinking fund was established must be fully paid.

Article 4379b, Vernon's Civil Statutes, provides for the discretionary designation of the State Treasurer as paying agent on bonds issued by counties in Texas, and designates him ex officio Treasurer and fiscal agent of such counties for the purpose of receiving deposits of funds for the payment of bonds issued by such counties and interest thereon. However, Section 5 of Article 4379b provides that "At the request of the municipality or political subdivision, the State Treasurer shall remit to said municipality or subdivision of the State any balance remaining in his hands more than two years, for which bonds or coupons have not been presented for payment . . ." Therefore, if in 1960 Dickens County deposits with the State Treasurer all of the money necessary to service the principal and interest on the outstanding bonds to maturity, then, two years later, at the request of the county, any remaining balance must be remitted to the county. A deposit made by the present Commissioners' Court of Dickens County will not be binding on the county in the future.

From the information which you have submitted to this office, it appears that the outstanding bonds above referred to

will all mature within less than two years. This does not, however, negate the possibility that all of the interest coupons and the bonds to which they pertain may not be presented for payment on their respective maturity dates. As long as the possibility remains that Dickens County could withdraw funds so deposited before the principal and all interest had been fully paid, our opinion is that the principal and all interest could not be considered to have been fully paid. We are further of the opinion that, before a county which has outstanding road bonds can deposit with the paying agent all of the money necessary to fully pay the principal and all interest that could ever become due, and thus have the principal and all interest considered to be fully paid, statutory authority must exist for such a deposit for the purpose specified. At the present time there is no such authority.

Since the principal and all interest on the bonds for which a sinking fund was established must be fully paid before any remaining surplus can be spent, and since we are of the opinion that a deposit with the State Treasurer of all of the money necessary to service the interest and principal on the outstanding bonds to maturity would not have the effect of rendering such bonds fully paid, your question is respectfully answered in the negative.

## SUMMARY

Under existing statutes, Dickens County may not deposit with the State Treasurer (the paying agent for the outstanding bonds) all of the money necessary to service the principal of and interest on certain outstanding bonds to maturity, and then spend the balance of the sinking fund on road purposes.

Very truly yours,

WILL WILSON
Attorney General of Texas

Mr. A. W. Walker, page 4 (WW-854)

By Robert T. Lewis

RTL-s                     Assistant

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

John Reeves
W. E. Allen
Dean Davis
Charles Cabaniss

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore